IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBORAH GRAY, as Guardian ad litem of
R.B., a minor child,

       Plaintiff,

vs.                                                                 Cause No. 1:19-CV-00406-WJ-SCY

ACADIA HEALTHCARE COMPANY, INC.,
And ROLLING HILLS HOSPITAL, LLC,

       Defendants.

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on May 29, 2019 and was attended by:

Mr. Joshua Conaway and Mr. F. Michael Hart for Plaintiff and Deborah Gray, as Guardian Ad Litem of R.B.

Mr. Ryan Clement for Defendant Acadia Healthcare Company, Inc. and Mr. Thomas LeBlanc for Specially Appearing Defendant Rolling Hills Hospital, LLC.

**NATURE OF THE CASE**

This case originates from the allegations made by R.B. that, while she was a resident at Rolling Hills Hospital, LLC in Oklahoma in December of 2018, she claims she was raped by a staff member, Jason H., whom she alleges took advantage of his position of power and authority over her and raped her.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff filed a Motion for Leave to File First Amended Complaint and Remand to State Court.

1

Plaintiff has requested until August 18, 2019, to move to amend the pleadings and until August 18, 2019 to join additional parties in compliance with the requirements of Federal Rules of Civil Procedure 15(a).

Defendant Acadia Healthcare Company, Inc. will file a Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint and Remand to State Court.

Defendant(s) should be allowed until August 26, 2019 to move to amend the pleadings and until August 26, 2019 to join additional parties in compliance with the requirements of Federal Rules of Civil Procedure 15(a).

## STIPULATIONS

The parties do not stipulate and agree that venue is properly laid in this District or that the United States District Court for the District of New Mexico has personal jurisdiction over all parties. Rolling Hills Hospital, LLC has raised both issues in its pending Motion to Dismiss or, In the Alternative, Motion to Transfer Venue and Brief in Support of Defendant Rolling Hills Hospital, LLC (Doc #8).

The parties do not stipulate that this case was properly removed to federal court, and that the proper venue is New Mexico state court. The parties also do not stipulate to the Plaintiff's First Amended Complaint, including the joinder of CYFD to the litigation. Plaintiff has filed a Motion for Leave to File First Amended Complaint and Remand to State Court. *See* (Doc #18).

The parties are willing to stipulate to the following facts:

R.B. was admitted to Rolling Hills Hospital, LLC, which is located in Oklahoma where the alleged incident and purported injury occurred.

The parties are unable to stipulate to and agree on the law governing this case. Plaintiff contends the law of New Mexico will govern the substantive law of the case. However, Defendants contend the law of Oklahoma will govern the substantive law of the case.

## **PLAINTIFF'S CONTENTIONS:**

Acadia is a large company that owns a network of over 500 behavioral health facilities throughout the United States, United Kingdom, and Puerto Rico. In 2018, it reported nearly $3 billion dollars in revenue. Acadia owns a residential treatment facility, Rolling Hills, based in Oklahoma. Acadia's facilities, including Rolling Hills, have a host of grave issues, including deaths, sexual and physical abuse, apparently resulting from the former CEO's business model of understaffing facilities resulting in systemic quality of care and patient safety problems for those facilities. Rolling Hills held itself out at as a facility offering a residential treatment program to provide services for children experiencing social, emotional, and behavioral problems and promised intensive treatment.

New Mexico Children, Youth and Families' Department (CYFD) administers a child foster care program under state law (the New Mexico Children's Code) that provides programs and services for children placed in CYFD's custody as a result of allegations the children have been abused and/or neglected. In December of 2018, R.B. was placed in CYFD custody and was a ward of CYFD. R.B.'s identified therapeutic, behavioral and legal needs required a secure in-patient treatment facility. Defendant Rolling Hills Hospital communicated to CYFD its suitability and availability to meet R.B.'s needs, and offered R.B. admission to the facility in Ada, Oklahoma. CYFD transported R.B. to Rolling Hills Hospital, where she remained under the legal and physical custody of CYFD.

While R.B. was a resident at Rolling Hills, a staff member, Jason H., took advantage of his position of power and authority over R.B. and raped her. Upon inquiry by the Rolling Hills Program Director, R.B. disclosed the rape and sexual abuse by Jason H. As a result of the incidents, R.B. sustained serious physical and mental injuries.

Plaintiff has made claims for alter ego/instrumentality concerning the corporate relationship between Acadia and Desert Hills. She has also made claims for civil RICO, civil conspiracy, negligence, including negligent selection, retention, and/or supervision, negligence per se, nondelegable duty, resulting in joint and several liability, professional liability, breach of fiduciary duty, breach of contract and third-party beneficiary, breach of covenant of good faith and fair dealing third-party beneficiary, Unfair Practices Act violations, including statutory damages, and damages, including punitive damages and corporate cumulative conduct punitive damages. Plaintiff incorporates by reference herein the entirety of her Complaint for Personal Injuries. *See* court file, Complaint for Personal Injuries (filed March 20, 2019)(Doc. 1).

## **DEFENDANTS' CONTENTIONS**

Defendant Acadia Healthcare Company, Inc. denies the acts, omissions and allegations made in support of the various claims and counts contained in Plaintiff's Complaint for Personal Injuries, as well as those asserted herein. Defendant Acadia Healthcare Company, Inc. further incorporates by reference all of its denials, responses and affirmative defenses set forth in its Answer to Plaintiff's Complaint for Personal Injuries.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

*Plaintiff's Witnesses*

1. Deborah Gray
   c/o Fadduol, Cluff, Hardy & Conaway, P.C.
   3301 San Mateo Boulevard NE
   Albuquerque, New Mexico 87109

   Ms. Gray was R.B.'s court appointed youth attorney under the New Mexico Children's Code and has information about the circumstances of R.B.'s placement in the legal custody of the New Mexico Children Youth and Families Department, (CYFD) the terms and circumstances of R.B. placement at Rolling Hills, and other information about how CYFD and R.B.'s Youth Attorney learned of the events at Rolling Hills as alleged in the lawsuit.

2. R.B.
   c/o Fadduol, Cluff, Hardy & Conaway, P.C.
   3301 San Mateo Boulevard NE
   Albuquerque, New Mexico 87109

   R.B. will likely have information regarding the events alleged in the complaint that involve her, her injuries, and the claims subject to this lawsuit.

3. Jason H., employee of Rolling Hills / Acadia
   Address unknown to Plaintiff but known to the Non-Governmental Defendants

   Jason H. will likely testify to the facts and circumstances of Rolling Hills' recruitment of him as an employee, the background checks he was subject to, the training her received to be a Rolling Hills / Acadia employee, the rules of conduct for employees such as himself, and the facts of the incident at issue in the lawsuit that involve him and R.B.

4. A designated Representative of Rolling Hills Hospital, LLC
   c/o Ryan L. Clement
   Serpe Jones Andrews Callender & Bell PLLC
   2929 Allen Parkway, Suite 1600
   Houston, Texas 77019-7105

   A Rolling Hills Hospital, LLC designee will have information regarding medical records, billing records, policies, procedures, hiring processes and training, and facts underlying Plaintiff's claims for civil RICO and conspiracy, breach of contract, breach of covenant of good faith and fair dealing, breach of professional duty, breach of fiduciary duty, and Unfair Practice Act claims.

5. A designative Representative of Acadia Healthcare Company, Inc.
   c/o Ryan L. Clement
   Serpe Jones Andrews Callender & Bell PLLC
   2929 Allen Parkway, Suite 1600
   Houston, Texas 77019-7105

A Rolling Hills Hospital, LLC designee will have information regarding policies, procedures, financial documentation, hiring processes and training, and facts underlying Plaintiff's claims for civil RICO and conspiracy, breach of contract, breach of covenant of good faith and fair dealing, breach of professional duty, breach of fiduciary duty, and Unfair Practice Act claims.

6. A designative Representative of the Children, Youth & Families Department
   c/o Brian Blalock, Secretary
   1120 Paseo De Peralta
   Santa Fe, NM 87501

   A Children, Youth & Families Department designee will have information regarding R.B.'s history, placement, and treatment.

7. Joey Jacobs
   c/o Ryan L. Clement
   Serpe Jones Andrews Callender & Bell PLLC
   2929 Allen Parkway, Suite 1600
   Houston, Texas 77019-7105

   Joey Jacobs will have information regarding Acadia Healthcare Company, Inc. and Rolling Hills, LLC policies, procedures, financial documentation, hiring processes and training, corporate control of Acadia over its subsidiaries, including Rolling Hills, LLC, the corporate structure of Acadia and its subsidiaries, and facts underlying Plaintiff's claims for civil RICO and conspiracy, breach of contract, breach of covenant of good faith and fair dealing, breach of professional duty, breach of fiduciary duty, and Unfair Practice Act claims.

*Plaintiff's Exhibits*

1. Law enforcement records
   - Related to the investigation of events at Rolling Hills by Oklahoma authorities
   - Related to the allegations of abuse / neglect that initiated proceedings to place R.B. into CYFD custody;
   - Related to delinquency proceedings.

2. Records of regulatory agencies in Oklahoma who undertook investigations of Rolling Hills as a result of the allegations made by R.B.

3. Acadia records
   - Related to policies and procedures in the operation of Acadia facilities;
   - Related to the oversight Acadia provided to Rolling Hills;
   - Related to all aspects of the relationship between Acadia and Rolling Hills;
   - Related to the arrangements and agreements made with New Mexico CYFD to accept R.B. into Rolling Hills;

- Related to all financial compensation Acadia received as a result of R.B.'s placement at Rolling Hills;
- Related to Acadia's financial control over its subsidiaries, including Rolling Hills, including signatory cards and account information
- Related to R.B.'s treatment and care while at Rolling Hills.

4. CYFD records
   - Related to the facts and circumstances of R.B.'s history of abuse / neglect;
   - Related to court proceedings in R.B.'s child abuse and neglect case;
   - Related to communications and transactions that contemplated R.B.'s placement at Rolling Hills;
   - Related to the amounts of money the state of New Mexico paid Acadia and Rolling Hills for the care and specialist treatment Rolling Hills and Acadia promised.

5. Medical records
   - In the possession of Acadia and Rolling Hills;
   - In the possession of other healthcare providers who treated R.B.

6. Educational records
   - From any educational institution where R.B. was enrolled as a student.

7. Court records
   - from R.B.'s children's court proceedings in New Mexico;
   - from the criminal investigation into the conduct of Jason H, in Oklahoma;
   - from any delinquency proceedings involving R.B.

*Plaintiff's Expert Witnesses*

1. Experts in the area of the operations of a mental health facility, specifically the Residential Treatment Center (RTC) setting;

2. Experts to address the alleged injuries and damages claimed by R.B.

3. Any other experts that become necessary during the course of discovery and in compliance with any Scheduling Order.

*Defendants' List of Potential Witnesses*

- Deborah Gray
- R.B.
- "Jason H."
- Employees and personnel at Rolling Hills Hospital, LLC
- Past and present treating providers who have evaluated, treated and care for R.B.
- Acadia representative

*Defendants' List of Potential Trial Exhibits*

- Medical records and the client record of R.B.
- Personnel file of "Jason H."

*Defendants' List of Potential Experts*

- Experts in the area of the operations of a mental health facility, specifically the Residential Treatment Center (RTC) setting
- Experts to address the alleged injuries and damages claimed by R.B.
- Any other experts that may become necessary during the course of discovery and in compliance with any Scheduling Order.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

1) The underlying facts of the alleged incident that occurred in December of 2018;

2) Plaintiff is interested in conducting discovery into past similar incidents or events at Rolling Hills Hospital, LLC;

3) The relationship between the parties;

4) The level of "control" purportedly exerted in relation to the operations of Rolling Hills Hospital, LLC;

5) The pattern and practice of negligent and reckless conduct of Acadia and its facilities, including Rolling Hills Hospital, LLC;

6) R.B.'s past medical history, behavior, and other historical information concerning R.B.;

7) Discovery into the specific injuries and damages claimed by R.B.;

8) Other matters yet unknown.

Plaintiff requests a maximum of fifty (50) interrogatories by each party to any other party, due to the complexity of the case. Defendant Acadia Healthcare Company, Inc. believes

the standard twenty-five (25) interrogatories is sufficient in this case. (Responses will be due within the standard 30-day time period after service as permitted by the Rules).

Plaintiff requests a maximum of fifty (50) requests for admission by each party to any other party, due to the complexity of the case. Defendant Acadia Healthcare Company, Inc. believes that twenty (25) requests for admission by each party to any other party is sufficient in this case.  (Responses will be due within the standard 30-day time period after service as permitted by the Rules).

Plaintiff requests a maximum of twenty (20) depositions, excluding expert witnesses, by Plaintiff(s), due to the complexity of the case, and Defendant(s) believe that ten (10) depositions, excluding expert witnesses, would be sufficient in this case.

Each deposition (other than of expert witnesses) should be limited to maximum of four (4) hours unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by October 15, 2019.

from Defendant(s) by November 15, 2019.

Supplementation under Rule 26(e) due in accordance with the applicable Federal Rules of Civil Procedure, but in no event no later than twenty-one (21) days following the discovery of the need to supplement.

All discovery commenced in time to be complete by January 31, 2020.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motions in limine; dispositive motions regarding duty, agency and course and scope, punitive damages; expert challenges.

Defendant(s) intend to file: Motions in limine; dispositive motions on Plaintiffs' claims and regarding agency and course and scope; expert challenges.

## ESTIMATED TRIAL TIME

The parties estimate trial will require two (2) weeks.

This is a jury case.

The parties request a pretrial conference sixty (60) days prior to trial setting provided.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to expert witness discovery. The parties request a settlement conference after the conclusion of discovery in the case.

## EXCEPTIONS

Specially Appearing Defendant Rolling Hills Hospital, LLC appeared for the court-ordered "meet and confer" held on May 29, 2019. However, given its pending motion challenging the Court's personal jurisdiction, it is refraining from submitting anything to this Court in order to preserve its jurisdictional challenge and avoid any appearance of waiver.

Defendant Acadia Healthcare Company, Inc. takes exception to the Plaintiff's inaccurate conflation and continual confusion of two separate entities: Defendant Acadia Healthcare Company, Inc. and Defendant Rolling Hills Hospital, LLC.

Defendant Acadia Healthcare Company, Inc. takes exception to the Plaintiff's proposed overly broad scope of discovery into "Acadia and its facilities, including Rolling Hills Hospital, LLC".

Defendant Acadia Healthcare Company, Inc. also takes exception to the insertion of "foster care program" within this matter, as well as the erroneous inclusion of Desert Hills.

APPROVED WITH EXCEPTIONS

Respectfully submitted,

**MARTINEZ, HART, THOMPSON & SANCHEZ, P.C.**

*Electronically filed*
*/s/ Kelly Stout Sanchez*
Kelly Stout Sanchez
F. Michael Hart
1801 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 343-1776
(505) 344-7709 facsimile
kellys@osolawfirm.com
mikeh@osolawfirm.com

~and~

Joshua K. Conaway
FADDUOL, CLUFF, HARDY
& CONAWAY, P.C.
3301 San Mateo Boulevard NE
Albuquerque, New Mexico 87107
(505) 243-6045
(505) 243-6642 (facsimile)
jconaway@fchclaw.com

**SERPE, JONES, ANDREWS,
CALLENDER &BELL, PLLC**

By: */s/ Ryan L. Clement*
      Ryan L. Clement
      Federal Bar No. 19-106
      Melanie Frassanito
      Federal Bar No. 99-261
      rclement@serpejones.com
      mfrassanito@serpejones.com
America Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499

**ATTORNEYS FOR DEFENDANT
ACADIA HEALTHCARE COMPANY, INC.**

1042188v1