# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEBORAH GRAY, as Guardian ad litem
of R.B., a minor child,

        Plaintiff,

        v.                                                                                                                                                                                       No. 1:19-cv-406-WJ-SCY

ACADIA HEALTHCARE COMPANY,
INC. and ROLLING HILLS HOSPITAL,
LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT ROLLING HILLS'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

**THIS MATTER** is before the Court on Defendant Rolling Hills's Motion to Dismiss or, in the alternative, Motion to Transfer Venue [Doc. 8], filed May 9, 2019. Defendant Rolling Hills is an Oklahoma entity facing a lawsuit in New Mexico for an alleged rape at its Oklahoma hospital. Defendant's motion raises the threshold question of whether New Mexico is the proper venue.

On March 20, 2019, Plaintiff filed a complaint against Defendants in the First Judicial District Court of Rio Arriba County, New Mexico. Doc. 1 at 6-66. Plaintiff alleged that a Rolling Hills Hospital staff member raped R.B. while she was a resident at the hospital. *Id.* at 15. On May 2, 2019, Defendants removed the case on diversity grounds to this Court. *Id.* at 1-5. A week later, Defendant Rolling Hills filed the subject motion requesting the Court dismiss the case for lack of personal jurisdiction and venue or, in the alternative, transfer the case to the Eastern District of Oklahoma. Doc. 8. Defendant Acadia Healthcare has a registered agent in New Mexico and, therefore, did not join the motion contesting personal jurisdiction or venue. Doc. 1 at 6.

**DISCUSSION**

**I.     Personal Jurisdiction**

The plaintiff has the burden of making a prima facie showing that "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *C5 Med. Werks, LLC v. CeramTec GMBH*, No. 17-1173, 2019 WL 4282099, at *2 (10th Cir. Sept. 11, 2019) (citation omitted). New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 132 N.M. 312, 316 (2002); *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492–93 (10th Cir. 2012). The personal jurisdiction analysis, therefore, concerns only whether the exercise of personal jurisdiction offends due process.

Due process requires that the defendant "purposefully established minimum contacts within the forum State" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The defendant's contacts with the forum state can result in either general or specific jurisdiction.

**A.  General Jurisdiction**

General jurisdiction exists when the defendant's contacts with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 904 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Plaintiff argues general jurisdiction exists because Defendant Rolling Hills targets New Mexico adolescents and maintains a website New Mexico residents can use to contact and place New Mexico adolescents at Rolling Hills Hospital. Doc. 17 at 7. Plaintiff's arguments, however,

do not withstand scrutiny when considering Defendant Rolling Hills's Chief Executive Officer's affidavit [Doc. 8-1], which Plaintiff does not refute:

> Rolling Hills Hospital, LLC, (RHH) [is] an Oklahoma limited liability company, with its principle place of business in Ada, Oklahoma. . . . RHH does not have an office nor any physical presence in New Mexico, nor does RHH own property in New Mexico. RHH does not conduct any business activities in New Mexico. RHH is not registered to do business in New Mexico. . . . RHH does not have any officer or director in New Mexico. RHH does not employ anyone in New Mexico. RHH does not hold any bank account in New Mexico. RHH does not file tax returns in New Mexico. RHH does not use any website, advertising or telephone listing in New Mexico to directly target citizens of New Mexico.

*See Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."). Also, "maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction . . . simply because it can be accessed by residents of the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011).

The Court finds that Plaintiff has not met her burden to show that Defendant Rolling Hills is subject to general jurisdiction in New Mexico.

### B. Specific Jurisdiction

Specific jurisdiction has a "two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Old Republic Ins. Co.*, 877 F.3d at 904 (quoting *Burger King Corp.*, 471 U.S. at 476-477). For there to be minimum contacts "the defendant must have 'purposefully directed its activities at residents of the forum state,' and . . . 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" *Id.* (citation omitted).

Plaintiff argues specific jurisdiction exists because Defendant Rolling Hills used the New

Mexico Children, Youth, and Family Department (CYFD) as a referral source to place New Mexico residents at its hospital and because Defendant Rolling Hills had communications with CYFD about placing Plaintiff at Rolling Hills Hospital. Doc. 17 at 3-4. Plaintiff's claimed injuries, however, do not arise out of a referral or Defendant Rolling Hills's communications with CYFD, but rather the alleged rape at Rolling Hills Hospital in Ada, Oklahoma. For there to be specific jurisdiction, there must be an "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Old Republic Ins. Co.*, 877 F.3d at 908 (quoting *Bristol–Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S.Ct. 1773, 1781 (2017) (citation omitted).

The Court notes that in support of Plaintiff's argument, she cites her affidavit [Doc. 17-1] in which she explains that "CYFD was looking for an appropriate facility to meet R.B.'s therapeutic needs" and after "having a hard time finding a placement . . . [CYFD] found Rolling Hills." Plaintiff's affidavit makes clear that it was CYFD that sought out Rolling Hills Hospital and, as such, further supports that Defendant Rolling Hills did not target New Mexico residents.

Plaintiff also argues specific jurisdiction exists because her injuries continue to be felt in New Mexico. Doc. 17 at 5. The Supreme Court, however, has rejected such an argument explaining that "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

The Court finds that Plaintiff has not met her burden to show that Defendant Rolling Hills is subject to general or specific jurisdiction in New Mexico. The Court, therefore, does not need

4

to determine whether the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Old Republic Ins. Co.*, 877 F.3d at 903 (citation omitted).

### C. Jurisdictional Discovery

In the alternative, Plaintiff requests limited discovery on whether Defendant Rolling Hills is subject to personal jurisdiction. Doc. 17 at 11. The Court has broad discretion in deciding whether to grant jurisdictional discovery. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298-99 (10th Cir. 2004). The Court does not abuse its discretion by denying jurisdictional discovery when there is a "very low probability that the lack of discovery [will] affect[] the outcome of th[e] case." *Id.*

Plaintiff requests she be allowed to depose Defendant Rolling Hills regarding its contacts with New Mexico. Defendant Rolling Hills's Chief Executive Officer's affidavit [Doc. 8-1], which Plaintiff does not refute, however, already addresses Defendant Rolling Hills's contacts with New Mexico, and Plaintiff has not shown that jurisdictional discovery will yield different answers. The Court, therefore, denies Plaintiff's discovery request.

**II.    Venue**

28 U.S.C. § 1391(b) provides that a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The statute defines residency as "any judicial district in which such defendant is subject to the court's personal jurisdiction." *Id.* § 1391(c)(2).

Venue is not proper in New Mexico. Defendant Rolling Hills does not reside in New Mexico, so § 1391(b)(1) does not permit venue in New Mexico. A substantial part of the events giving rise to the claim did not occur in New Mexico, so § 1391(b)(2) also does not permit venue in New Mexico. And because venue is proper in another district, § 1391(b)(3) is not applicable.

Venue is proper in the Eastern District of Oklahoma. Defendant Rolling Hills's principal place of business is located there, and the alleged rape occurred there. Doc. 8 at 18 n.6. The Court, therefore, transfers the case to the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

In the interest of judicial economy and to avoid piecemeal litigation, the Court also transfers the case against Defendant Acadia Healthcare to the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The Court notes that the same counsel represents both Defendants but requested to transfer the case only on behalf of Defendant Rolling Hills. Doc. 8 at 17-19. The Court cannot envision a scenario where Defendant Acadia Healthcare would oppose Defendant Rolling Hills' venue transfer request considering that the same counsel represents both of these two Defendants.  Therefore, the Court can only assume that Defendant Acadia Healthcare does not oppose Defendant Rolling Hill's position that transferring this case to the United States District Court for the Eastern District of Oklahoma is proper.

## CONCLUSION

Defendant Rolling Hills is not subject to personal jurisdiction in New Mexico and, as a

result, venue is not proper in New Mexico. Venue, however, is proper in the Eastern District of Oklahoma because Defendant Rolling Hills resides there and a substantial part of the events giving rise to the claim occurred there.

**IT IS THEREFORE ORDERED** that Defendant Rolling Hills's Motion to Dismiss or, in the alternative, Motion to Transfer Venue [Doc. 8] is **GRANTED IN PART** in that venue is transferred.

**IT IS FURTHER ORDERED** that the Clerk of Court **TRANSER THE ABOVE-CAPTIONED CASE** to the United States District Court for the Eastern District of Oklahoma.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**